986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Chattar P. AHLUWALIA, Defendant-Appellant.
 No. 92-6223.
 United States Court of Appeals, Tenth Circuit.
 Jan. 22, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Ahluwalia pled guilty to three counts of bribing a public official and was sentenced to three concurrent sentences of twenty-four months. Mr. Ahluwalia appeals his sentence, asserting as the sole error that there was insufficient evidence to warrant a four-level increase in his base offense level under U.S.S.G. § 3B1.1(a) for being the leader or organizer of criminal activity that included five or more participants.
 
 
 3
 The basic scheme was for Mr. Ahluwalia to pay an Immigration and Naturalization Service employee for each travel permit or employment authorization card she would issue to individuals sent to her by Mr. Ahluwalia. Mr. Ahluwalia arranged for a recognition code which was that each individual he sent would carry a folder marked with the letter "S".
 
 
 4
 On the first occasion, Mr. Ahluwalia transported an East Indian male from Texas to the Oklahoma INS office in an attempt to obtain a travel permit. Mr. Ahluwalia met with an INS employee at a local restaurant and gave her $200 in exchange for the travel permit. It was on this occasion that the bribery arrangements were worked out.
 
 
 5
 On the second occasion, four days later, Mr. Ahluwalia brought four East Indian males from Texas to Oklahoma, provided them with the recognition folders, collected the bribe money from each, arranged for at least some of their paper work, rented a motel room for them to stay in while they were in Oklahoma, received the employment cards, and paid the bribe money. The evidence also showed Mr. Ahluwalia was the only participant who was fluent in English. The five participants, who supplied enough money to Mr. Ahluwalia for both the bribe and a profit, were fully aware of the illegal scheme. It was at this point Mr. Ahluwalia was arrested as the INS employee had promptly reported the bribe.
 
 
 6
 The presentence report characterized Mr. Ahluwalia as the organizer or leader of criminal activity involving five or more participants. Following a hearing, the sentencing court found:
 
 
 7
 I'm satisfied from the evidence that I've heard that the defendant brought five people to Oklahoma City and I'm satisfied they were fully aware of their involvement in this scheme and I'm satisfied that he was the leader and organizer of this ... that he ran the operation.... I'm satisfied that he meets the criteria of being an organizer or a leader of a criminal activity that involved five or more participants.
 
 
 8
 Mr. Ahluwalia asserts there was no evidence showing Mr. Ahluwalia was a leader or organizer, only that he had five "customers." Mr. Ahluwalia argues there was no organization and the five individuals were neither subordinates nor underlings.
 
 
 9
 A criminal defendant's offense level is subject to several adjustments based upon the role the defendant played in committing the offense. Thus, if the defendant "was an organizer or leader of a criminal activity that involved five or more participants," his base offense level is increased by four points. See U.S.S.G. § 3B1.1(a). The commentary to this section instructs that in distinguishing a leadership and organization role from one of mere management or supervision we should consider several factors including:
 
 
 10
 the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 11
 U.S.S.G. § 3B1.1 comment n. 3.
 
 
 12
 To apply the four-level increase in the base offense level under U.S.S.G. § 3B1.1(a), the sentencing court must find by a preponderance of the evidence that the defendant was either the organizer or the leader of a criminal activity involving five or more participants. When such a finding is attacked upon appellate review, we utilize the clearly erroneous standard in reaching our decision, which simply means that there must exist evidence in the record to support the finding, and, if such evidence exists, it must be such that we are not left with a definite and firm conviction that a mistake has been made. Stated somewhat differently, when we apply the clearly erroneous standard there is no single "correct" decision, but we must uphold any sentencing court's determination that falls within a broad range of permissible conclusions.
 
 
 13
 We first ask if the record shows Mr. Ahluwalia was either the organizer or the leader. The undisputed evidence shows Mr. Ahluwalia recruited the participants, all of whom were willing and knowledgeable accomplices, transported them to the scene of the crime, made arrangements for their housing while the crime was being perpetrated, negotiated the amount of the bribes, collected the bribes plus a profit for himself, facilitated the paper work for the participants to receive the permits, received the immigration documents for later distribution, arranged the time and place of the crime, and invented and executed the recognition code to be utilized by the participants. Mr. Ahluwalia did not become the organizer simply by virtue of selling his services. The object of this concerted criminal activity, i.e., the procurement of the unauthorized documents, could be attained only by cooperation of the participants. The evidence demonstrates Mr. Ahluwalia organized the participants, made all necessary arrangements, exercised all decision-making, claimed the sole profit, and accomplished all the planning. Thus, Mr. Ahluwalia was unquestionably the leader of the scheme to bribe an INS employee, clearly a criminal activity.
 
 
 14
 To justify a four-level increase under § B1.1(a), there had to be at least five participants. The sentencing court found and the record supports that there were five knowing and willing participants. None of these five was fluent in the use of English. All five were criminally responsible for the commission of the offense even though all were not convicted nor indicted. U.S.S.G. § 3B1.1, comment n. 1. All played a role in the offense by providing the money to be given as a bribe. See United States v. Alfaro, 919 F.2d 962, 967 (5th Cir.1990). These five individuals were not unknowing outsiders, see United States v. DeCicco, 899 F.2d 1531, 1535 (7th Cir.1990), nor were the five unconnected, see United States v. Smith, 951 F.2d 1164, 1170 (10th Cir.1991).
 
 
 15
 The evidence is sufficient to justify the four-point increase for being the organizer or leader of a criminal activity involving five or more participants. The judgment and sentence is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3